UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ERNEST MACKEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KEVIN M. MOORE, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01080-BAK (SKO) (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>Clerk of Court to assign a district judge. |

On January 6, 2022, the Court issued a notice of temporary magistrate judge referral. (ECF No. 6.) The Court served the notice on Plaintiff by U.S. Postal Service on January 7, 2022. On January 14, 2022, the U.S. Postal Service returned the order as undeliverable (refused). To date, Plaintiff has not updated his address with the Court.

As explained in the Court's first informational order, a party appearing *pro se* must keep the Court advised of his current address. (ECF No. 3 at 5.) Pursuant to the Local Rules, if mail directed to a *pro se* plaintiff at his address of record is returned by the U.S. Postal Service and the plaintiff fails to update his address within sixty-three (63) days, the Court may dismiss his action for failure to prosecute. L.R. 183(b).

The Local Rules also provide that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

L.R. 110. "District courts have inherent power to control their dockets" and in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Although more than sixty days have passed since the U.S. Postal Service returned the Court's notice, Plaintiff has failed to notify the Court of his current address. It appears that Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and the Local Rules. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

Accordingly, the Court RECOMMENDS that this action be **DISMISSED without prejudice** for Plaintiff's failure to obey a court order, failure to comply with the Local Rules, and failure to prosecute.

The Clerk of Court is DIRECTED to randomly assign a district judge for the purpose of considering these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*,

///

///

772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 28, 2022__      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

3